ON MOTION FOR REHEARING

PER CURIAM.
We grant the motion for rehearing, withdraw our prior opinion filed on March 31, 2004, and substitute the following in its stead.
In August 2001, Officer Denise Bern-hard detained Johnny Beard because he matched a description given in a citizen’s complaint. Officer Bernhard asked Beard his name and where he was going. Beard gave several different names and claimed he had no identification. Beard’s agitated manner, clenched fists, and uncooperative behavior prompted Officer Bernhard, who was working alone, to call for back-up. Officer Franklin Adams soon arrived on the scene. Beard, still agitated and refusing to sit down, continued to give false names to the police. Eventually, Beard gave his true name, which appeared in a police database showing that a civil writ of attachment had been filed against him.
Given the outstanding writ of attachment and Beard’s similarity to the complainant’s description, Officer Bernhard took out her handcuffs. Beard flailed his arms and said he didn’t want to go. He then lunged at Officer Bernhard, causing her to move backward. Both officers tried to handcuff Beard, who was struggling and kicking. Finally, Officer Bernhard managed to handcuff Beard’s left arm. She tried to clamp the other end of the handcuff to a chain-link fence in back of Beard, but was unsuccessful. The officer called for additional emergency back-up. Beard then fell forward, causing both officers Bernhard and Adams to fall to the ground with him. Officer Bernhard required stitches to her knee, and Officer Adams incurred a sprained wrist, and a rotator cuff injury. Beard continued to struggle until he was subdued by several additional officers.
Beard was charged by information with one count of resisting arrest with violence towards “Officer D. Bernhard and/or Officer F. Adams” and separate counts of battery against each officer. Beard’s counsel deposed Officer Adams, but neither party called him to testify at trial. Officer Bern-hard and two other police officers testified during the course of the trial. Beard conceded that he had resisted arrest, but denied that he had resisted with violence. During closing argument, Beard’s counsel argued that the state had not met its burden of proof with regard to the battery of Officer Adams because the officer had not testified.[1] The State objected, citing *1010 Haliburton v. State, 561 So.2d 248 (Fla.1990). The judge sustained the objection and instructed the jury to disregard defense counsel’s remark regarding the officer’s absence. Beard was acquitted of both battery charges but found guilty of resisting arrest with violence. The sole issue on appeal is whether the trial court abused its discretion in disallowing, defense counsel’s comment regarding Officer Adams’s absence. Finding that the trial court did not abuse its discretion, we affirm.
Defense counsel’s argument regarding Officer Adams’s absence, was directed solely to the battery charge involving Officer Adams. Beard was acquitted of this charge. Thus, even if the trial court had abused its discretion in disallowing defense counsel’s comments, this “error” is irrelevant to the conviction and sentence appealed from here, and therefore moot.
Moreover, Beard was charged dis-junctively with resisting arrest by “Officer D. Bernhard and/or Officer F. Adams[.]” The testimony of Officer Bernhard produced competent substantial evidence, the sufficiency of which has not been challenged, upon which a jury could believe that Beard was guilty of this offense.
Accordingly, we affirm.

. Defense counsel stated, in closing: "[0]ne of the counts that they want you to find Mr. *1010 Beard guilty of is battery on Officer Adams. That he intentionally touched and hit Officer Adams. How can you find that they proved that beyond a reasonable doubt when Officer Adams wasn't even here.”